UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| JAMES SWANN, | ) |
|---|---|
| Plaintiff, | ) |
| | ) No.: 1:21-CV-263-CLC-CHS |
| v. | ) |
| | ) |
| DISTRICT ATTORNEY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff, a prisoner proceeding pro se, has filed an amended complaint[1] alleging violations of 42 U.S.C. § 1983 (Doc. 16), motions to proceed *in forma pauperis* in this action (Docs. 2 and 15), and a motion seeking reconsideration of the Court's prior orders denying as premature Plaintiff's "motions to proceed" on his claims (Doc. 21). For the reasons set forth below, the Court will grant Plaintiff pauper status, deny Plaintiff's motion for reconsideration of prior orders, and permit Plaintiff to file an amended complaint clarifying his claim that he has been denied medical care. Plaintiff's remaining claims will be dismissed.

### I. MOTIONS TO PROCEED *IN FORMA PAUPERIS*

It appears from Plaintiff's motion to proceed in forma pauperis and supporting documents (*See* Docs. 2, 15, and 23) that he lacks sufficient financial resources to pay the filing fee. Accordingly, Plaintiff's initial motion to proceed *in forma pauperis* (Doc. 2) will be **GRANTED**, and Plaintiff's subsequent motion for same (Doc. 15) will be **DENIED** as moot.

---

[1] This Court only considers the allegations levied in the amended complaint filed by Plaintiff. *In re Refrigerant Compressors Antitrust Litig.*, 731 F.3d 586, 589 (6th Cir. 2013) ("An amended complaint supersedes an earlier complaint for all purposes.").

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402 as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b) (1) (A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this Order to the Court's financial deputy. This Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Screening Standards

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory

language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B. Plaintiff's Allegations

On or around October 3, 2021, Plaintiff was arrested by the Kingsport Police Department based on an allegedly false allegation of assault made by India Swann, a "known fugitive from justice" according to Plaintiff (Doc. 16 at 4-5). Plaintiff contends that both he and Ms. Swann called for police assistance after Plaintiff confiscated drugs and paraphernalia from Ms. Swann and asked her to leave (*Id*. at 5). Plaintiff asserts that the responding officer arrested Plaintiff "instead of running [Ms. Swann's] name," even though Plaintiff was out on bond at the time

3

because he is dying of cancer. (*Id*.) Plaintiff was transported to the Sullivan County Jail, where he alleges, he has been denied treatment for cancer. (*Id*.)

Plaintiff also maintains that he was arrested in Memphis, Tennessee and had "a team of public defenders who are across from the jail." (*Id*. at 5.) It is unclear to the Court whether that arrest stems from the allegations of assault mentioned in this complaint or whether it involves another charge. Regardless, Plaintiff asks the Court to get the names of his public defenders and obtain his medical records. (*Id*. at 6-7.) He also seeks monetary compensation against the District Attorney and the Kingsport Police Department, and he asks the Court to help him get cancer treatment. (*Id*. at 6-7.)

### C. Analysis

#### 1. Plaintiff's Arrest

Plaintiff alleges that the Kingsport Police Department and the individual officer who arrested him violated his constitutional right to be free from false arrest. (Doc. 16 at 5-6.) The Fourth Amendment, applicable to the States through the Fourteenth Amendment, allows a warrantless arrest to occur only "where there is probable cause to believe that a criminal offense has been or is being committed." *Ouza v. City of Dearborn Heights, Michigan*, 969 F.3d 265, 279 (6th Cir. 2020) (citation omitted); *see also Dunaway v. New York*, 442 U.S. 200, 207 (1979).

"Whether probable cause exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Generally, probable cause exists when the police have 'reasonably trustworthy information...sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense.'" *Gardenhire v. Schubert*, 205 F.3d 303, 315 (6th Cir. 2000) (quoting

4

*Beck v. Ohio*, 379 U.S. 89, 91 (1964)). To prevail on his false arrest claim, a plaintiff must present sufficient evidence that probable cause did not exist. *Id.*

Plaintiff does not allege that the arresting officer lacked probable cause to arrest him. Rather, he alleges only that the allegation of assault made by Ms. Swann was false and that the officer credited her version of events over those of Plaintiff. Even if Plaintiff is correct, and Ms. Swann's statement was false, Plaintiff has provided no facts from which the Court could infer that the officer should have declined to find probable cause based on the statement and/or proof at the scene. *See Thacker v. City of Columbus*, 328 F.3d 244, 257 (6th Cir. 2003) (finding a victim's statement that she had been abused provides sufficient probable cause). Therefore, both the Kingsport Police Department[2] and the arresting officer will be **DISMISSED** as Defendants.

### 2. Improper Defendants

Plaintiff has named Drew Martin, Rita Swann, and Antonio White as Defendants in this action, yet his complaint contains no factual allegations against any of these Defendants. A complaint "must allege that the defendants were personally involved in the alleged deprivation of federal rights" in order to state a cognizable § 1983 claim. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002). Because Plaintiff has failed to allege any facts suggesting constitutional wrongdoing by these individuals, they will be **DISMISSED**.

Additionally, the only allegation against India Swann is that she was a fugitive from justice who alleged that Plaintiff assaulted her. (Doc. 16 at. 5.) However, it is clear from Plaintiff's complaint that Ms. Swann is a private citizen rather than a "state actor" subject to liability under

---

[2] The Court otherwise notes that the Kingsport Police Department is not a "person" within the meaning of § 1983. *See Anciani v. Davidson Cnty. Sheriff Office*, No. 3:19-cv-169, 2019 WL 1002503, at *2 (M.D. Tenn. Feb. 28, 2019) ("It is well established that in Tennessee federal courts, a sheriff's office or police department is not a 'person' subject to suit under 42 U.S.C. §1983") (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)).

§ 1983. *See, e.g., Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) (holding private individual who provides information to police and offers testimony is not exposed to § 1983 liability by actions). Therefore, she must likewise be **DISMISSED**.

Plaintiff has named the District Attorney as a Defendant, and it appears that he seeks discovery to add various public defenders as Defendants in this lawsuit. However, Plaintiff may not maintain suit against either a prosecuting attorney or any of his public defenders. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983."). Accordingly, the District Attorney will be **DISMISSED** as a defendant, and the Court otherwise finds that Plaintiff cannot seek to add his public defenders as Defendants in this lawsuit.[3]

Plaintiff has also named the Sullivan County Jail in this action, presumably because the jail has allegedly failed to provide him with cancer treatment. By way of relief, he asks the Court to get him "help" for his cancer. However, a jail is not a "person" subject to suit under § 1983, and therefore, the Sullivan County Jail must be **DISMISSED** as a Defendant. *See Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he

---

[3] The Court also notes that under the *Younger* doctrine, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 44 (1971)). Here, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense at any subsequent criminal trial. Accordingly, any implied claim that the Court should intervene and derail any pending criminal prosecution of Plaintiff is improper in this § 1983 action.

district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983").

Sullivan County, the entity operating the Sullivan County Jail, is amenable to suit under § 1983, but only where Plaintiff alleges that the policies and/or customs at the jail caused violations of his constitutional rights. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Plaintiff has not alleged that he has been denied medical care due to any policies or established customs, and therefore, he cannot maintain suit against Sullivan County itself.

However, because Plaintiff alleges that he is being denied cancer treatment, the Court finds he should be provided an opportunity to amend his complaint to identify the steps he has taken to secure medical treatment and the person(s) responsible for the denial of care.

Accordingly, Plaintiff is **ORDERED** to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the party/parties responsible within twenty-one (21) days of entry of this Order. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("Under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff is **NOTIFIED** that this new amended complaint will be the sole operative complaint that the Court considers, and therefore, it **must** be complete in and of itself and must not refer to any previously filed allegations, motions, or pleadings. The Clerk is **DIRECTED** to mail Plaintiff a § 1983 form for this purpose.

Plaintiff should avoid legal citations or legal arguments in his amended complaint. Rather, he should focus on clearly and succinctly setting forth the facts – the who, what, where, when, and why – of his claims. Plaintiff is **NOTIFIED** that the Court will only address the merits of Plaintiff's claims that relate to his allegations that he has been denied medical care. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims that do not relate to his original complaint, and he is advised that any such claims will be **DISMISSED**. Plaintiff is **NOTIFIED** that if he does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court.

Plaintiff is **NOTIFIED** that the Court **WILL NOT** consider any kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any requests to further amend or supplement the complaint and/or motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's initial motion for leave to proceed *in forma pauperis* (Doc. 2) is **GRANTED**, and his subsequent motion for same (Doc. 15) is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Court's financial deputy;

5. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint;

6. Plaintiff is **ORDERED** to file an amended complaint addressing his claim that he has been denied cancer treatment while housed at the Sullivan County Jail;

7. Plaintiff has twenty-one (21) days from entry of this order to file the amended complaint as set forth above, and he is **NOTIFIED** that the amended complaint will completely replace the original complaint;

8. Plaintiff is **NOTIFIED** that failure to timely comply with this order may result in dismissal of this action for want of prosecution and/or failure to follow Court orders;

9. All other claims are **DISMISSED**;

10. As no claims have survived against them, all named Defendants are hereby **DISMISSED**;

11. This Memorandum and Order has determined which of Plaintiff's claims are justiciable, and therefore, Plaintiff's motion asking the Court to reconsider his "motions to proceed" [Doc. 21] is **DENIED**; and

12. Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**