UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JAMES SWANN, SR., )
 )
    Plaintiff, )
 ) No.: 1:21-CV-263-CLC-CHS
v. )
 )
KINGSPORT TENNESSEE DISTRICT )
ATTORNEY'S OFFICE, et al., )
 )
    Defendants. )

## MEMORANDUM & ORDER

Plaintiff, a prisoner housed at the Sullivan County Jail, has filed an amended complaint alleging a violation of 42 U.S.C. § 1983 [Doc. 25]. For the reasons below, the Court will allow Plaintiff's claim for the denial of medical care to proceed against Sullivan County, Tennessee, and all other Defendants will be dismissed.

### I. SCREENING OF COMPLAINT

#### A. Screening Standards

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**B.  Plaintiff's Allegations**

On or around October 3, 2021, Plaintiff was arrested and booked into the Sullivan County Jail [Doc. 25 p. 3-4]. At the time of his arrest, Plaintiff advised Sullivan County Jail staff that he had been receiving free-world treatment for colon cancer [*Id.* at 4]. Two weeks later, Plaintiff received a physical examination and again informed staff that he had colon cancer, but medical staff denied that Plaintiff had cancer [*Id.*]. Plaintiff wrote the District Attorney on several occasions asking for assistance, but he has not received a response [*Id.*].

Plaintiff asks the Court to order Defendants to provide him with a written apology, order Plaintiff's release so that he may obtain treatment at Vanderbilt University, and award him a monetary judgment for his pain and suffering [*Id*. at 5].

**C.      Analysis**

Upon screening Plaintiff's initial complaint, the Court found that Plaintiff had not named a viable Defendant and provided Plaintiff the opportunity "to amend his complaint to identify the steps he has taken to secure medical treatment and the person(s) responsible for the denial of care" [Doc. 24 p. 7]. Specifically, the Court found that Plaintiff could not maintain suit against the District Attorney or the Sullivan County Jail, and that since "Plaintiff has not alleged that he has been denied medical care due to any policies or established customs," Plaintiff had failed to state a claim against Sullivan County itself [*Id*.].

On the heels of the Court's initial screening order, Plaintiff filed an amended complaint alleging that the Kingsport District Attorney's Office, the Sullivan County Jail, and the Sullivan County Jail's Medical Department have denied him necessary medical treatment [Doc. 25]. However, neither a jail nor its medical department are "persons" within the meaning of § 1983. *Cage v. Kent County Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"); *Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding that "medical departments are not 'persons' under § 1983" because they have no "corporate or political existence"). Therefore, these Defendants will be **DISMISSED**.

Plaintiff has not alleged any facts suggesting that the District Attorney has any involvement in or authority over Plaintiff's medical care so as to state a claim against this Defendant. *Frazier*

3

*v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (holding complaint "must allege that the defendants were personally involved in the alleged deprivation of federal rights" in order to state a cognizable § 1983 claim). Regardless, the District Attorney is a State employee paid out of State treasury funds, *see* Tenn. Code Ann. §8-42-101, and State officials sued in their official capacities are not "persons" under § 1983. *Will v. Michigan Dept. Of State Police*, 491 U.S. 58, 71 (1989). Additionally, Plaintiff may not maintain suit against the District Attorney for actions taken within the scope of his or her duties, and therefore, Plaintiff may not otherwise maintain suit against the District Attorney for prosecuting Plaintiff on criminal charges. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976) (holding a state prosecuting attorney who act[s] within the scope of h[er] duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983). Therefore, the Kingsport District Attorney's Office will be **DISMISSED**.

Plaintiff's request for release from custody and for a public apology will also be dismissed, because such relief is not available in a § 1983 action. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."); *Woodruff v. Ohman*, 29 F. App'x 337, 346 (6th Cir. 2002) (concluding in a § 1983 action that "the district court exceeded its equitable power when it ordered [defendant] to apologize" and holding that "'[w]e are not commissioned to run around getting apologies'") (quoting *McKee v. Turner*, 491 F.2d 1106, 1107 (9th Cir. 1974)).

This leaves the Court to consider Plaintiff's implied request for treatment and his desire to be awarded monetary damages for the denial of medical treatment. Plaintiff's claim may proceed only if the Court finds that Plaintiff has stated a plausible claim that an official policy or established custom of Sullivan County served as the moving force behind the alleged denial of medical care.

4

*See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"); *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997) (holding Plaintiff must demonstrate that "the municipality was the 'moving force' behind the injury alleged"). Given the liberal construction the Court must afford Plaintiff's complaint, the Court finds he has stated a plausible claim that Sullivan County has a policy or custom of ignoring inmate requests for necessary medical treatment. Therefore, the Court will allow Plaintiff's denial-of-medical-care claim to proceed against Sullivan County.

## II. CONCLUSION

For the reasons set forth above, the Defendants identified by Plaintiff are **DISMISSED**, and the Clerk is **DIRECTED** to add Sullivan County as a Defendant in this cause. The Clerk is **FURTHER DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Sullivan County. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this Order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Plaintiff is forewarned that if he fails to timely return the completed service packet, this action will be dismissed.

Defendant shall answer or otherwise respond to the Complaint within twenty-one (21) days from the date of service. If Defendant fails to timely respond to the Complaint, it may result in entry of judgment by default against it.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendant or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty

5

of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

    **SO ORDERED**.

    **ENTER :**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
