UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JAMES SWANN, SR., | ) |
| Plaintiff, | ) ) |
| v. | ) No.: 1:21-CV-263-CLC-CHS ) ) |
| SULLIVAN COUNTY, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION

Defendant Sullivan County has filed a motion for summary judgment alleging that pro se prisoner Plaintiff, James Swann, Sr., failed to exhaust his administrative remedies prior to filing this civil rights action for violation of 42 U.S.C. § 1983 [Doc. 49].[1] Plaintiff has filed an unsworn response opposing the motion [Doc. 58], and a motion requesting that the Court delay ruling until he can produce his medical records [Doc. 67]. Upon consideration of the parties' pleadings, the summary judgment evidence, and the applicable law, the Court finds that summary judgment should be **GRANTED**, Plaintiff's motion **DENIED** as moot, and this action **DISMISSED**.

I.   **ALLEGATIONS OF COMPLAINT**

On or about October 3, 2021, Plaintiff was arrested and booked into the Sullivan County Jail [Doc. 25 p. 3-4]. At the time of his arrest, Plaintiff advised Sullivan County Jail staff that he had been receiving free-world treatment for colon cancer [*Id*. at 4]. Two weeks later, Plaintiff received a physical examination and again informed staff that he had colon cancer, but medical staff denied that Plaintiff had cancer and declined to provide him with any treatment [*Id*.].

---

[1] Defendant filed a motion to dismiss that the Court converted to a motion for summary judgment [*See* Docs. 49 and 50].

Plaintiff's trial judge ordered Plaintiff subject to a bond so that he could seek cancer treatment, though Plaintiff either failed to make bond or the bond was subsequently revoked [*Id*.]. Plaintiff wrote the District Attorney asking for assistance and has not received a response [*Id*.]. Plaintiff asks the Court to order Defendant to provide him treatment and award him a monetary judgment of $ 253,529 for his pain and suffering [*Id*. at 5].

## II. SUMMARY JUDGMENT STANDARD

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party. *McLean v. 988011 Ontario Ltd*, 224 F.3d 797, 800 (6th Cir. 2000). Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 611 (6th Cir. 2009) (quotation marks omitted).

The moving party has the burden of conclusively showing the lack of any genuine issue of material fact. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir. 1979). To successfully oppose a motion for summary judgment, a party "'must set forth specific facts showing that there is a genuine issue for trial'" and "'may not rest upon the mere allegations or denials of his pleading.'" *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

A district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded, however. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998). Rather, the court is required to, at a minimum, examine the motion to ensure that the

2

movant has met its initial burden. *Id*. In doing so, the court "must not overlook the possibility of evidentiary misstatements presented by the moving party." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 407 (6th Cir. 1992). The court must "intelligently and carefully review the legitimacy of [] an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* In the absence of a response, however, the Court will not "*sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party." *Id*. at 410. If the court determines that the unrebutted evidence set forth by the moving party supports a conclusion that there is no genuine issue of material fact, the court will determine that the moving party has carried its burden, and "judgment shall be rendered forthwith." *Id*. (alteration omitted).

### III. SUMMARY JUDGMENT EVIDENCE

Plaintiff "contacted medical" and "spoke with jail supervisors" to seek treatment for colon cancer [Doc. 25 p. 2-3, 5].[2] The Sullivan County Jail has an established grievance procedure in place for use by inmates, and Plaintiff has never used the grievance procedure to claim a need for medical care, or to claim that he has been denied medical treatment [Doc. 49-1 ¶ 6]. Plaintiff has, however, used Sullivan County Jail's established grievance procedure on six different occasions to grieve other issues [*Id*. ¶ 7].

### IV. LAW & ANALYSIS

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are

---

[2] Plaintiff's verified Complaint, sworn under penalty of perjury, "carries the same weight as would an affidavit for the purposes of summary judgment." *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008).

3

Case 1:21-cv-00263-CLC-CHS   Document 71   Filed 06/14/22   Page 3 of 6   PageID #: 289

available are exhausted." 42 U.S.C. § 1997e(a). Administrative exhaustion is mandatory, regardless of the type of relief sought, or whether such relief can be granted through the administrative process. *See Ross v. Blake*, 578 U.S. 632, 641 (2016); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)). Moreover, the requirement is one of "proper exhaustion," which requires a plaintiff to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93.

Once a defendant has demonstrated that there was a generally available administrative remedy that the plaintiff did not exhaust, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (citation omitted); *see also Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225-26 (6th Cir. 2011) (finding once defendants put forth evidence of a valid administrative process, plaintiff must present evidence to rebut the availability of that remedy to defeat motion for summary judgment); *Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him[.]"). For instance, administrative remedies may be considered effectively unavailable when (1) there is no possibility for relief through use of the procedure; (2) the rules are so confusing as to render them essentially unknowable; or (3) prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *See Ross*, 578 U.S. at 643-44.

Here, the competent summary judgment evidence demonstrates that the Sullivan County Jail has an established grievance procedure in place, and that Plaintiff has never utilized that

4

procedure to complain about medical care or treatment [Doc. 49-1]. In an unsworn response to Defendant's motion, Plaintiff claims that he requested medical treatment from staff and "was told that there were no grievance forms to fill out for being a cancer patient" [Doc. 58 p. 2]. In a prior Order, the Court noted Plaintiff's response to the motion and advised Plaintiff that "unsworn materials do not satisfy the requirements for summary judgment proof set out in Rule 56" [*See* Doc. 64 p. 2]. Despite this notification, Plaintiff has not submitted competent evidence to support his assertions, and the Court may not consider his unsworn hearsay in deciding Defendant's motion. *See Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012); *Wallace v. Brown*, No. 2:17-cv-02269, 2020 WL 4228310, at *3 (W.D. Tenn. Jul. 23, 2020) ("Wallace's memorandum is unsworn and is not competent summary judgment evidence."); *King v. UT Medical Group, Inc.*, No. 09-2080-SHM-dkv, 2011 WL 13269768, at *3 (W.D. Tenn. Mar. 3, 2011) ("The Court cannot consider any factual assertions that are made in legal memoranda or that are not sworn to under penalty of perjury.").

Regardless, even if the Court were to consider as evidence Plaintiff's allegation that he was told he could not grieve medical issues, such a statement is not sufficient to show that the procedures were made effectively unavailable to him. *See, e.g., Booth*, 523 U.S. at 741 n. 6 ("[W]e will not read futility or other exceptions into statutory exhaustion requirements[.]"); *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (noting exhaustion required even when "'available' remedies would appear to be futile at providing the kind of remedy sought").

Additionally, there is no competent evidence before the Court to indicate that Defendant or any of its agents impeded Plaintiff's ability to grieve his medical issues. Neither can Plaintiff demonstrate that the grievance process was too confusing or difficult to follow, as he used the established grievance procedure on six separate occasions while housed at the Sullivan County Jail

5

Case 1:21-cv-00263-CLC-CHS   Document 71   Filed 06/14/22   Page 5 of 6   PageID #: 291

[Doc. 49-1 ¶ 7]. Therefore, there is no competent evidence before the Court to indicate that administrative remedies were unavailable to Plaintiff.

Therefore, the Court finds that Plaintiff failed to exhaust his available administrative remedies prior to filing the instant suit, and Defendants are entitled to the dismissal of this action under 42 U.S.C. § 1997e(a). Because Plaintiff's medical records have no bearing on whether Plaintiff satisfied the mandatory exhaustion requirement prior to filing suit, his motion for additional time to submit those records will be denied.

## V. CONCLUSION

Despite the gravity of Plaintiff's allegations, this Court is without discretion to consider the merits of Plaintiff's claims until he properly exhausts the administrative remedies available to him. *See Woodford*, 548 U.S. at 85 ("Exhaustion is no longer left to the discretion of the district court."). Accordingly, Defendant's motion for summary judgment [Doc. 49] will be **GRANTED**, and this action will be **DISMISSED**. Plaintiff's motion to delay ruling [Doc. 67] will be **DENIED** as moot.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER**.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**